**Juan RUIZ TOLEDO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–73836.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 24, 2010.

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Juan Ruiz Toledo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims, *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir.2009), and we deny the petition for review.

Ruiz Toledo does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1994 conviction for lewd or lascivious acts with a child under 14 years of age in violation of California Penal Code § 288(a).

The agency determined that Ruiz Toledo is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). Ruiz Toledo's legal and constitutional challenges to this determination are unavailing. *See Abebe v. Mukasey,* 554 F.3d 1203, 1207, 1208 n. 7 (9th Cir.2009) (en banc).

Ruiz Toledo's remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.